**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEFANIE CLUGSTON, Individually, and as Personal Representative of the Estate of Michael Clugston; FAITH HOPE CLUGSTON, individually, | No.   22-55203 |
| | D.C. No. 8:21-cv-01832-JVS-ADS |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| CITY OF GARDEN GROVE, a California Public Entity; TRAVIS HADDEN, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 15, 2023
University of San Diego

Before: HAWKINS, McKEOWN, and BUMATAY, Circuit Judges.

Stephanie and Faith Clugston ("Plaintiffs") appeal the dismissal of their Section 1983 action against the City of Garden Grove (the "City") and police officer Travis Hadden. Officer Hadden was engaged in a high-speed pursuit when the

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

suspect's car struck and killed the Plaintiffs' husband and father, Michael Clugston. Plaintiffs allege Hadden's actions violate the substantive due process afforded by the Fourteenth Amendment and that the City had a custom, policy or practice that caused the constitutional injury. We review the dismissal of an action for failure to state a claim de novo, *Retail Prop. Tr. v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), and we affirm.

There was no error in dismissing the claim against Officer Hadden. The Supreme Court clearly stated in *County of Sacramento v. Lewis*:

> [W]e hold that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressable by an action under § 1983.

523 U.S. 833, 854 (1998).

Plaintiffs argue that *Lewis* is distinguishable because here Hadden had sufficient time to deliberate before engaging in the pursuit so a deliberate indifference standard should apply. However, this circuit has also rejected the argument that the factual circumstances of any particular police pursuit should be examined to determine whether the officer had any time to deliberate. In *Bingue v. Prunchak*, we noted this approach would "effectively 'eviscerate the holding of *Lewis*' because under that reading courts would be free to reject the intent to harm standard 'whenever a judge or a jury could say, with the wisdom of hindsight, that an officer engaged in a high-speed pursuit had ample time to deliberate.'" 512 F.3d

1169, 1176 (9th Cir. 2008) (quoting *Helseth v. Burch*, 258 F.3d 867, 871 (8th Cir. 2001) (en banc)).  We went on to hold resolutely: "*Lewis* requires us to apply the 'intent to harm' standard to *all* high-speed chases." *Id.* at 1177 (emphasis in original).  Plaintiffs concede their complaint did not and could not allege that Officer Hadden had an intent to harm.  Therefore, dismissal was appropriate.

The claim against the City was properly dismissed.  Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690–91 (1978), a local government may be liable for constitutional torts committed by its employees pursuant to municipal policy, practice or custom.  Plaintiffs alleged the City failed to adequately train its police officers on the proper conduct of high-speed pursuits, allows pursuits for minor traffic violations, and failed to discipline officers who "recklessly place innocent bystanders in harm's way by initiating unjustifiable high-speed pursuits."

In such cases hinging on an individual officer's conduct, the plaintiff must establish both a deprivation of a constitutional right and that a municipal policy, custom or practice was the cause in fact of that deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see also Collins v. City of Harker Heights*, 503 U.S. 115, 120–21 (1992).  As we explained in *Quintanilla v. City of Downey,* a public entity cannot be liable under § 1983 "under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting

3

pursuant to the policy, inflicted no constitutional harm to the plaintiff." 84 F.3d 353, 355 (9th Cir. 1996). We therefore agree with our sister circuits which have held in the specific context of police pursuits that there can be no municipal liability without an underlying constitutional violation by the officers. *See, e.g.*, *Graves v. Thomas*, 450 F.3d 1215, 1225 (10th Cir. 2006); *Sitzes v. City of W. Memphis Ark.*, 606 F.3d 461, 470–71 (8th Cir. 2010); *Evans v. Avery*, 100 F.3d 1033, 1039–40 (1st Cir. 1996); *S.P. v. City of Takoma Park*, 134 F.3d 260, 272 (4th Cir. 1998); *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir. 2000). The district court correctly dismissed the claim against the City because there was no underlying constitutional violation by Officer Hadden.

**AFFIRMED.**